# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-0986 FMO (SKx) | Date | March 11, 2019 |
| Title | Mark DalPoggetto v. Wirecard AG, et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:**  (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On February 8, 2019, plaintiff Mark DalPoggetto ("plaintiff") filed a Complaint against defendants Wirecard AG ("Wirecard"), Markus Braun, Burkhard Ley, Alexander von Knoop, Jan Marsalek, and Susanne Steidl (collectively, "defendants"), alleging securities fraud in violation of the Securities Exchange Act, 15 U.S.C. §§ 78a, et seq., and associated regulations. (See Dkt. 1, Complaint at ¶¶ 42-57). Plaintiff does not make any allegations as to why the court has personal jurisdiction over defendants. (See, generally, id.). Plaintiff alleges that venue is proper because "the alleged misstatements entered, and subsequent damages occurred, in this District." (Id. at ¶ 4).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 517 U.S. 117, 127, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 139, 134 S.Ct. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff does not allege any specific contacts between defendants and the state of California, nor does plaintiff allege how its causes of action arise out of or relate to those contacts. (See, generally, Dkt. 1, Complaint). Plaintiff also does not allege any specific facts showing that the events giving rise to this litigation occurred in this District. (See, generally, id.). The Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-0986 FMO (SKx)** | Date | **March 11, 2019** |
|---|---|---|---|
| Title | **Mark DalPoggetto v. Wirecard AG, et al.** | | |

simply alleges that Wirecard is a German company, (see id. at ¶ 7), and that defendants' misconduct arises from false statements relating to the unlawful activities of "a senior Wirecard executive in Singapore [who] had been accused of forging and backdating contracts, including falsifying accounts and money laundering[.]" (See id. at ¶ 27). Thus, it is not clear how this brings the matter within the ambit of this court.

     Based on the foregoing, IT IS ORDERED that no later than **March 18, 2019**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**. See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Wolff v. Cal., 318 F.R.D. 627, 630 (C.D. Cal. 2016) (Rule 41(b) "grants district courts the authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders.").

                                                                                                   00  :  00

Initials of Preparer    vdr