1  BRIAN M. LUTZ, SBN 255976
   blutz@gibsondunn.com
2  MICHAEL J. KAHN, SBN 303289
   mjkahn@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
  555 Mission Street, Suite 3000
4  San Francisco, CA 94105-0921
  Telephone:  415.393.8200
5  Facsimile:   415.393.8306

6  *Attorneys for Defendants*

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   MARK DALPOGGETTO, Individually<br>12   and On Behalf of All Others Similarly<br>    Situated,<br>13               Plaintiff,<br>14       v.<br>15   WIRECARD AG, MARKUS BRAUN,<br>    BURKHARD LEY, ALEXANDER<br>16   VON KNOOP, JAN MARSALEK, and<br>    SUSANNE STEIDL,<br>17             Defendants. | CASE NO. 2:19-cv-00986-FMO-SK<br>**NOTICE OF PLAINTIFF'S FAILURE TO OPPOSE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**Hearing:**<br>Date:      May 7, 2020<br>Time:     10:00 a.m.<br>Place:    Courtroom 6D<br>Judge:   Hon. Fernando M. Olguin<br><br>Action Filed:    February 8, 2019 |

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FAILURE TO OPPOSE DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:19-cv-00986-FMO-SK

Defendants' Motion to Dismiss (ECF No. 64) is unopposed and therefore should be granted with prejudice.  Plaintiff's opposition to the Motion to Dismiss was due April 13, 2020, ECF No. 58, but Plaintiff filed no opposition brief.  Plaintiff's *ex parte* application to stay this case, filed on April 8, did not relieve Plaintiff of his obligation to respond to the pending Motion to Dismiss.  ECF Nos. 68-69.  Plaintiff's failure to oppose the Motion to Dismiss requires dismissal of his complaint with prejudice for the reasons stated in Defendants' opening brief.  ECF No. 64-1.

It is well-established that dismissal is appropriate where a plaintiff fails to oppose a motion to dismiss.  *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (per curiam).  The Local Rules expressly permit dismissal under these circumstances.  Civ. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion").  Pursuant to these authorities, this Court has dismissed claims where a plaintiff did not file an opposition to a motion to dismiss.  *See, e.g.*, *Garcia v. Wells Fargo Home Mortg., LLC*, 2018 WL 6430541 (C.D. Cal. June 25, 2018) (Olguin, J.).

Defendants' unopposed Motion to Dismiss should be granted on this basis.  And for the reasons set forth in that motion, this case should be dismissed with prejudice.  Specifically, in addition to moving to dismiss for failure to state a claim, Defendants moved to dismiss on *forum non conveniens* grounds and for lack of personal jurisdiction because this action does not belong in the United States.  ECF No. 64-1 at 5-14.  As set forth in the unrebutted Declaration of Iris Stoeckl, Defendants did not consent to, and had no involvement in, the trading of Wirecard securities in the United States.  ECF No. 64-9, ¶¶ 10-15.  To the contrary, Wirecard listed its stock exclusively on exchanges in Germany, and made the disclosures challenged by Plaintiff pursuant to German law.  *Id.* ¶¶ 7-9.  There is no basis for this action or these Defendants to be before this Court.  Plaintiff concedes as much by his silence.  Because these unrebutted facts make clear that this case cannot proceed in the United States, Plaintiff cannot amend his complaint to cure this fatal flaw.

NOTICE OF FAILURE TO OPPOSE DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:19-cv-00986-FMO-SK

1       Accordingly, this case should be dismissed with prejudice, and judgment should
2  be entered in favor of Defendants.  *See Heller v. ALM Bank A/S*, Case No. 2:15-cv-
3  01635-ODW-PJW, ECF No. 23 (C.D. Cal. Sept. 28, 2015) (granting unopposed
4  motion to dismiss without leave to amend on *forum non conveniens* grounds);[1]
5  *Precision Transducer Systems v. STFO Trading LLC*, 2009 WL 10700319, at *4-*5
6  (C.D. Cal. Oct. 15, 2009) (dismissing initial complaint with prejudice for lack of
7  personal jurisdiction where allegations were rebutted by defendants' declarations); *see*
8  *also Am. W. Airlines, Inc. v. GPA Grp.*, 877 F.2d 793, 801 (9th Cir. 1989) (affirming
9  dismissal for lack of personal jurisdiction where district court held discovery and
10  amendment would be futile because allegations were contradicted by sworn
11  affidavits).

Dated:  April 14, 2020

GIBSON, DUNN & CRUTCHER LLP


By: /s/ *Brian M. Lutz*

    Brian M. Lutz
    Michael J. Kahn
    555 Mission Street, Suite 3000
    San Francisco, CA 94105-0921
    Telephone: 415.393.8200
    Facsimile: 415.393.8306
    blutz@gibsondunn.com
    mjkahn@gibsondunn.com

    *Attorneys for Defendants*

[1] A copy of this order is attached as Exhibit A to the accompanying Declaration of Brian Lutz.

Gibson, Dunn & Crutcher LLP